11-4771
Zheng v. Holder

BIA
Morace, IJ
A094 939 055

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

_____

CHENG DIAN ZHENG,

*Petitioner,*

v.                                    11-4771
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:     Dehai Zhang, Flushing, New York.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; Ernesto H. Molina,
                    Jr., Assistant Director; Yanal H.
                    Yousef, Trial Attorney, Office of
                    Immigration Litigation, Civil
                    Division, United States Department
                    of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cheng Dian Zheng, a native and citizen of the People's Republic of China, seeks review of an October 31, 2011 decision of the BIA affirming the October 28, 2009 decision of Immigration Judge ("IJ") Philip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Dian Zheng*, No. A094 939 055 (B.I.A. Oct. 31, 2011), *aff'g* No. A094 939 055 (Immig. Ct. N.Y. City Oct. 28, 2009). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we review the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Zheng does not challenge the agency's denial of CAT relief, we

2

have reviewed only the denial of asylum and withholding of removal.

Zheng argues that the IJ erred by finding that he failed to demonstrate a well-founded fear of future persecution based on his practice of Christianity and desire to continue his religious practices in China if he were removed. To demonstrate a well-founded fear of future persecution, an asylum applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *See* 8 U.S.C. § 1101(a)(42); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). An asylum applicant can demonstrate that a fear is objectively reasonable by either: (1) offering evidence that "he . . . would be singled out individually for persecution"; or (2) by proving the existence of "a pattern or practice of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2). The applicant must also demonstrate "that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Here, the IJ reasonably found that Zheng failed to establish an objectively reasonable basis for fearing persecution in China.

Although Zheng's evidence indicated that Chinese authorities arrested and detained members of unregistered churches, the IJ did not err in requiring evidence from Zheng's native Fujian Province because the evidence indicated that the treatment of unregistered churches varied widely between regions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008). As the IJ reasonably found, the fact that Zheng continued to attend unregistered churches without incident for more than six years after his church had been raided undermined the reasonableness of his fear that he would be persecuted in Fujian Province. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam); *cf. Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999).

Moreover, despite evidence that Chinese authorities "monitor" unregistered churches and prominent religious leaders, the IJ reasonably found that Zheng failed to establish that Chinese authorities were aware or likely to become aware of his religious beliefs and practice given his ability to practice in an unregistered church before departing China and his assertion that he is merely a member, not a leader, of the house church movement. The IJ therefore did not err in finding that Zheng had failed to establish his eligibility for asylum. *See* 8 U.S.C.

§ 1101(a)(42); *Hongsheng Leng*, 528 F.3d at 142-43; *Jian Xing Huang*, 421 F.3d at 129. Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk